UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LLOYD HOPKINS,

        Plaintiff,

v.                                                                            Case No. 23-cv-0868-bhl

MILWAUKEE COUNTY,

        Defendant.

## SCREENING ORDER

        On June 30, 2023, *pro se* Plaintiff Lloyd Hopkins filed a complaint against Milwaukee County, alleging that the County conspired with Racine, Kenosha, Somers, and Dane Counties to "steal[] a[n] injunction" from him. (ECF No. 1 at 2.) It is unclear how an injunction could be stolen, let alone by a collection of governmental units. Unfortunately, this is just the latest in a series of patently frivolous lawsuits commenced by Hopkins. It will therefore be dismissed, and the Court will admonish Hopkins for burdening the Court with frivolous claims. If Hopkins does not heed this warning and files another frivolous claim, the Court will impose monetary sanctions against him and will consider barring him from filing further claims in this Court without advance permission.

        "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A suit is frivolous when the plaintiff "can make no rational argument in law or facts to support his . . . claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues frivolous *pro se* complaints. *See Denton*, 504 U.S. at 33.

Hopkins' complaint alleges that various Wisconsin counties "stole" an injunction from him. (ECF No. 1 at 2.) He "believe[s] Kenosha stole a claim and then it became contagious" (not the claim but the act of stealing it). (*Id.*) And he thinks the State is "aiding and abetting" a scheme to delay delivery of his mail. (*Id.*) An injunction is "[a] court order commanding or preventing an action." *Injunction*, BLACK'S LAW DICTIONARY (11th ed. 2019). It is an abstract concept, committed to writing, and enforceable in court. A county cannot "steal" it anymore than it can steal the First Amendment "right of the people peaceably to assemble." U.S. CONST. amend. I. To the extent a country *violates* an injunction by, for example, engaging in conduct the injunction prohibits, the proper recourse is to ask a court to enforce the injunction, often through operation of its contempt power. Douglas Rendleman, *How to Enforce an Injunction*, 10 No. 1 LITIG. 23 (1983). Hopkins' complaint never even identifies any injunction he might seek to enforce. It, therefore, fails to state a viable claim for relief and must be dismissed.

Normally, courts should afford *pro se* plaintiffs leave to amend their defective complaints. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But this is only necessary when "frivolous factual allegations could be remedied through more specific pleading" or where the absence of sufficient facts in the complaint is due to the unskilled nature of the *pro se* plaintiff. *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (citations omitted). Hopkins is a serial filer whose back catalog of complaints is marked by frivolousness. (*See* 21-cv-0884-WCG, ECF No. 1-2; 22-cv-0971-bhl, ECF No. 1-2; 22-cv-0972-bhl, ECF No. 1-2; 22-cv-1429-bhl, ECF No. 1-1.) Allowing him leave to amend would prove futile—no amount of additional pleading would substantiate a claim for a stolen injunction. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 522 (7th Cir. 2015) (recognizing that district courts may deny leave to amend when any amended would be futile). Dismissal will therefore be with prejudice.

That Hopkins' latest complaint will be dismissed is unsurprising. As noted above, he is a serial filer whose back catalog of complaints is marked by frivolousness. (*See* 21-cv-0884-WCG, ECF No. 1-2; 22-cv-0363-SCD, ECF No. 1-2; 22-cv-0971-bhl, ECF No. 1-2; 22-cv-0972-bhl, ECF No. 1-2; 22-cv-1429-bhl, ECF No. 1-1; 23-cv-0008-bhl, ECF No. 1-1; 23-cv-0218-bhl, ECF No. 1-1; 23-cv-0354-bhl, ECF No. 1-3; 23-cv-0482-bhl, ECF No. 1-4.) Previously, he initiated his cases in small claims courts, and the matters only reached this Court upon removal. As a result, this Court had no opportunity to impose filing restrictions—the defendants in his various cases,

such as the United States Social Security Administration, were statutorily entitled to litigate in the federal courts. *See* 28 U.S.C. § 1442(a)(1). This time around, however, Hopkins filed directly in federal court. (ECF No. 1.) That exposes him to sanctions for frivolous filings. The question is what, if any, sanctions are appropriate under the circumstances.

As the Seventh Circuit has stated, "the right of access to the federal courts is not absolute." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (per curiam). Accordingly, the judiciary possesses ample authority to impose sanctions and stem the tide of frivolous filings. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). The only caveat is that the limitation imposed may "not 'bar the courthouse door' entirely." *Srivastava v. Marion Cnty Election Bd.*, 125 F. App'x 57, 59 (7th Cir. 2005) (quoting *Chapman*, 328 F.3d at 905-06). And the sanction should be tailored to the abuse committed. *See In re Anderson*, 511 U.S. 364 (1994) (per curiam) (limiting the filing restriction to the filing of the extraordinary writs the petitioner had abused); *In re Sassower*, 510 U.S. 4 (1993) (per curiam) (limiting the filing restriction imposed to writs of certiorari and extraordinary writs in noncriminal cases). For these reasons, courts generally disapprove of any attempt to bar filing in perpetuity but permit restrictions that require serial filers to seek preapproval before commencing suits similar to those previously brought. *See Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502-03 (7th Cir. 2009).

For example, in *In re Chapman*, the Seventh Circuit affirmed an order of the Executive Committee of the United States District Court for the Northern District of Illinois, denying a prolific filer "leave to file [without preapproval] 'new civil cases' that 'are legally frivolous or are merely duplicative of matters already litigated.'" 328 F.3d at 905. The Court held that the Executive Committee's order did "not bar the courthouse door to [the litigant] but, rather, allow[ed] him meaningful access while preventing repetitive or frivolous litigation." *Id.* It also did not affect his "ability to defend himself in a criminal action, to file a habeas corpus petition or other extraordinary writ, or to access [the Seventh Circuit] or the Supreme Court of the United States." *Id.* But these restrictions did not stop the litigant, who "[b]etween 2005 and 2008, . . . submitted eight requests for leave to file new suits." *Chapman*, 324 F. App'x at 501. The Executive Committee, therefore, imposed even harsher sanctions, restricting all filing for a period of at least six months, at which point, the litigant would be permitted to "submit . . . a motion to modify or rescind" the filing bar. *Id.* at 502. The Seventh Circuit affirmed even this extreme

order, holding that the Executive Committee was "justified in imposing a more restrictive filing bar because previous, less stringent filing restrictions . . . failed to deter [the litigant] from filing frivolous and repetitive lawsuits." *Id.* at 503.

The Seventh Circuit affirmed a similar "leave-to-file" sanction in *Srivastava*. There, "a frequent litigant in the federal and state courts of Indiana" appealed an "injunction requiring her to obtain leave from the court before filing any more lawsuits." 125 F. App'x at 58. According to the Southern District of Indiana, the litigant had "built a record of relentlessly frivolous *pro se* litigation consisting of some 27 federal and state lawsuits stemming from [her] failure to secure elective office, her prosecution for stalking a rabbi and trespassing in a synagogue, and her denial of tenure at the Indiana University School of Medicine." *Id.* at 58-59 (internal quotations omitted). As a result, the district court judge "issued an injunction mandating that all future legal documents [the litigant] attempted to file in the Southern District of Indiana be screened by him before any new claims would be allowed to proceed." *Id.* at 59. In affirming the district court, the Seventh Circuit noted that warnings and dismissals had failed to stop the flood of frivolous, repetitive litigation and reiterated that "individuals do not have a constitutional right to bring frivolous lawsuits." *Id.* "The district court permissibly responded to [the litigant's] abusive behavior by crafting a narrowly tailored injunction" that preserved "her access to the court for legitimate purposes." *Id.*

The Seventh Circuit itself took a similar tack in *Mack*. In that case, a litigant racked up monetary sanctions based on his penchant for defrauding federal courts. 45 F.3d at 185-86. But the litigant refused to pay and continued to file. *Id.* at 186. Thus, under Federal Rule of Appellate Procedure 38, the Seventh Circuit directed "the clerks of all federal courts in the circuit to return unfiled any papers that the litigant attempt[ed] to file, unless and until he pa[id] in full the sanctions that [had] been imposed against him." *Id.* The Court did carve out "an exception for any criminal case in which [the litigant was] a defendant and for any application for habeas corpus that he may wish to file." *Id.* And, to avoid a perpetual bar, it authorized the litigant "to submit[,] . . . no earlier than two years from the date of [its] order, a motion to modify or rescind the order." *Id.*

Much the same occurred in *Stone v. Roseboom*, 803 F. App'x 947 (7th Cir. 2020). Over an 18-month period, ending in May 2018, a litigant filed 13 meritless lawsuits in the Northern District of Indiana. *Id.* at 948. "Three times the court warned him that if he filed another meritless case, it would fine him and bar him from filling court papers until he paid his outstanding fines

and fees." *Id.* But "[the litigant] did not heed those warnings, and he filed another similar suit." *Id.* Thereafter, the district court imposed monetary sanctions and restricted future filings contingent upon satisfaction of those sanctions, though it did not limit the litigant's ability to file appeals or contest imprisonment or confinement. *Id.* The Seventh Circuit affirmed, holding that the filing restriction did not violate the litigant's constitutional rights because it arose after "three warnings failed to deter [him] from ignoring the court's order to desist from frivolous filings, it [was] time-limited, and it exclude[d] appeals, criminal actions, or other filings necessary to contest imprisonment or confinement." *Id.* at 949.

In the last year alone, this Court has dismissed as frivolous no fewer than seven cases that Hopkins initiated in the Wisconsin State courts and that various defendants then removed to this Court. (*See* 22-cv-0363-SCD, ECF No. 1-2; 22-cv-0971-bhl, ECF No. 1-2; 22-cv-0972-bhl, ECF No. 1-2; 22-cv-1429-bhl, ECF No. 1-1; 23-cv-0008-bhl, ECF No. 1-1; 23-cv-0218-bhl, ECF No. 1-1; 23-cv-0354-bhl, ECF No. 1-3; 23-cv-0482-bhl, ECF No. 1-4.) If Hopkins files another frivolous lawsuit that ends up before this Court, he will face monetary sanctions consistent with *Mack* and *Stone*. The Court also reserves its right to restrict his ability to file future matters in this Court without advance permission, except, of course, in those instances where he may be defending a civil or criminal suit or filing to contest imprisonment or confinement.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Hopkins' complaint is **DISMISSED** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 6, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
